

One US Bank Plaza
St. Louis, MO 63101

314 552 6000 main
314 552 7000 fax
thompsoncoburn.com

**Matthew D. Guletz**
314 552 6311  direct
mguletz@thompsoncoburn.com

July 31, 2024

**VIA CM/ECF**

Christopher M. Wolpert, Clerk
United States Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

      Re:    *Good v. U.S. Department of Education, et al.*, No. 22-3286

Dear Mr. Wolpert,

      Pursuant to Federal Rule of Appellate Procedure 28(j), Appellee Higher Education Loan Authority of the State of Missouri (MOHELA) responds to Appellant Jeffrey Good's July 29, 2024 letter regarding the Eastern District of California's July 26, 2024 decision in *Walker v. Higher Education Loan Authority of the State of Missouri*, No. 1-21-CV-00879.  The *Walker* decision was just released and may be subject to additional briefing and/or an appeal to the Ninth Circuit.

      *Walker* concluded that *Biden v. Nebraska*, 600 U.S. ----, 143 S. Ct. 2355 (2023), did not consider sovereign immunity, and thus had no bearing on MOHELA's Eleventh Amendment immunity arguments. *Walker* overlooks that the Supreme Court's analysis of the State of Missouri's Article III standing in *Biden* required the same analysis into the extent of MOHELA's relationship with the State as does MOHELA's Eleventh Amendment immunity. *Walker* did not meaningfully distinguish between the Article III analysis and the Eleventh Amendment analysis, and cited no authority for any reasonable distinction. Instead, *Walker* relied on a 45-year old Missouri decision, *Menorah Med. Ctr. v. Health & Educ. Facilities Auth.*, 584 S.W.2d 73 (Mo. 1979), addressing the Missouri Health and Educational Facilities Authority (MOHEFA). But *Walker* ignored fundamental differences between MOHEFA and MOHELA, including that MOHEFA has a distinguishable statutory definition, MOHEFA does not have the same limits on bond issuances as MOHELA, MOHEFA does not provide money to the State of Missouri like MOHELA, and MOHEFA's board does not include representatives from a state agency.

      Next, *Walker* purported to apply the Ninth Circuit's three-part test for determining "arm of the state" immunity.  See *Kohn v. State Bar of Cal.*, 87 F. 4th 1021 (9th Cir. 2023).  *Walker* reached the wrong conclusion on the second factor of the test (Missouri's control over MOHELA). As found by the district court here, *Walker* ignores the reality that the State of Missouri "created and controls MOHELA." *Biden*, 143 S.Ct. at 2368. Moreover, the Ninth Circuit's three-factor test is distinguishable from the Tenth Circuit's four-factor test.

- 2 -

*Walker* does not support Mr. Good's argument that MOHELA is not entitled to Eleventh Amendment immunity.

Respectfully submitted,

*/s/ Matthew D. Guletz*

Matthew D. Guletz
Counsel for Appellee MOHELA

cc:     All counsel by ECF