**PUBLIC CITIZEN LITIGATION GROUP**
1600 20th Street NW • Washington DC 20009
202/588-1000 • www.citizen.org

July 10, 2023

Christopher M. Wolpert, Clerk
United States Court of Appeals
  for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

    Re: *Good v. U.S. Department of Education, et al.*, No. 22-3286

Dear Mr. Wolpert,

    Pursuant to Federal Rule of Appellate Procedure 28(j), Appellant Jeffrey Good responds to the July 7, 2023, letter from Appellee Higher Education Loan Authority of the State of Missouri (MOHELA) concerning the Supreme Court's decision in *Biden v. Nebraska*, No. 22-506 (U.S. June 30, 2023).

    *Nebraska* concerns the Biden administration's student-loan debt-cancellation plan, which would have had the effect of decreasing the servicing fees that MOHELA could earn. Slip op. 8. As relevant here, *Nebraska* held that Missouri had Article III standing to vindicate the financial harm suffered by MOHELA. *Id.* ("The plan's harm to MOHELA is also a harm to Missouri."). The Court explained that, for standing purposes, it was sufficient that MOHELA is a "public instrumentality" performing a public function, *id.*, and subject to the state's supervision and control, *id.* at 9.

    *Nebraska* offers little insight on the question presented here: whether MOHELA is an arm of Missouri entitled to invoke sovereign immunity. *Nebraska* does not cite any arm-of-the-state precedent, much less undertake the multifactor analysis that determines whether a state instrumentality shares the state's immunity. For example, while *Nebraska* concludes that the level of control that Missouri exercises over MOHELA supports the state's standing, it does not examine the state's *degree of control*, as necessary under an arm-of-the-state analysis. *See* Appellant's Br. 29. And the opinion does not address whether a judgment against MOHELA would impact the state treasury—a consideration of central importance in the arm-of-the-state analysis. *See id.* at 41, 45–46.

MOHELA wrongly suggests that *Nebraska* "[r]eject[ed] arguments that MOHELA has a legal personality separate from the State of Missouri." July 7 Letter at 1. *Nebraska* recognizes MOHELA's separate legal personality, slip op. 10 ("Every government corporation has such a distinct personality[.]"), but finds that irrelevant to Missouri's standing. *Nebraska* explains, moreover, that "a public corporation can count as part of the State for some but not other purposes." *Id.* at 12 n.3 (internal quotation marks omitted). And for sovereign immunity purposes, MOHELA has not proven that it is part of Missouri under this Court's arm-of-the-state standard. Appellant's Br. 23–46.

Respectfully submitted,

/s/ Nandan M. Joshi

Nandan M. Joshi
Counsel for Appellant Jeffrey Good

cc: All counsel by ECF